# WHEELING.

## DORSEY V. SHEPHERD.

### July 17, 1876.

1876.
June Term.

The plaintiff, Dorsey, purchased of defendant, H. C. Shepherd, a tract of land containing thirty-nine and one-half acres, with a right of way to the same through another farm called the "Shepherd Home Farm," in which the said H. C. S. had an equitable interest, with his mother, brothers and sisters. In his deed to the plaintiff he conveyed the land and right of way at the price of $1,200. The plaintiff paid all the money except $350, for which he executed his bond conditioned that it should not be paid until he was secured in the road, by a deed executed by Mrs. Shepherd, Mary A. Shepherd, Wm. McGill and wife, parties interested in the "Shepherd Home Farm." The plaintiff sold the land, with the right of way, to Hammond and covenanted that he should retain $350, as a security to him for this right of way.

The said Hammond entered into the possession of the thirty-nine and one-half acres of land and enjoyed the right of way for near one year, when Mrs. S., who had possession and control of the "Home Farm," shut up said way and excluded the plaintiff and his vendee Hammond, from the use thereof.

The said Hammond, having no way of ingress and egress to his land, applied to the Board of Supervisors of the county to have a way established by law through the "Home-Farm," which was done upon his paying $400 damages. This sum he paid, according to the order of the Board to the sheriff, to be distributed according to the right of the parties in interest. When the bond of the plaintiff for the $350 became payable, the deed specified in it was made by Mrs. Shepherd, Mary A. Shepherd, Wm. McGill and wife, and a suit at law was instituted on this bond and judgment obtained—but this was after the establishment of the road. To this judgment the plaintiff obtained an injunction, alleging the above facts, and that H. C. S. was wholly irresponsible, if the plaintiff was left to his remedy at law.

8

1876.
June Term.

Dorsey
v.
Shepherd.

To this bill the defendants demurred "because it was not sufficient in law" and the circuit court sustained the demurrer and dismissed the bill.—HELD:

That this was error—the demurrer should have been overruled and the defendants ruled to answer.

Appeal from a decree of the circuit court of Marshall county, rendered on the eighteenth day of April, 1874. The complainant below, who is the appellant here, was Thomas J. Dorsey, and the respondents and appellees Henry C. Shepherd, Sarah McGill, wife of William Mc-Gill, and daughter of Jeremiah Shepherd, deceased, Mary Shepherd, Emma A. Shepherd, Olivia Shepherd and Bruce Shepherd, children and heirs-at-law of said Jeremiah Shepherd, Sarah Shepherd his widow, the Board of Supervisors of Marshall county, Joseph Hammond, L. T. Gray, sheriff of Marshall county, and Thomas G. Hammond.

A statement of the facts will be found in the opinion of the Court.

The Hon. Thayer Melvin, judge of said circuit court, presided at the hearing below.

*J. Dallas Ewing* for the appellant.

*Richard C. Holliday* for the appellee.

EDMISTON, JUDGE:

The appellant filed his bill of injunction in the circuit court of Marshall county, alleging that on the twenty-ninth of February, 1868, he entered into a contract with the appellee, Henry C. Shepherd, for the purchase of a certain tract of land in Marshall county, containing thirty-nine and one-half acres, at the price of $1,200, all of which had been paid except $350, with interest thereon from the first of April, 1868; that possession had been delivered to him of said land and a deed had been executed and delivered to him. In this deed it was provided that the purchaser should have a

right of way to pass in and out from said land to the Waynesburg road and through the fields of the "Shepherd Home Farm," above the house, where the passage way mentioned, is hereby granted, but the width thereof is not to exceed twelve feet, with gates or bars thereon. It is further alleged that the vendor had no title to the "Shepherd Home Farm," so that his deed did not secure to the plaintiff the title to the road, and, as a matter of precaution, he executed to Shepherd his bond for the unpaid purchase money, in the following words:

"April 1st, 1868, two years after date we promise to pay to the order of Henry C. Shepherd, for land, $350, with interest thereon at six per cent. per annum from date until paid, for the payment whereof we bind ourselves, our heirs and assigns. This note is not to be paid until a right of way through the Shepherd Home Farm, as provided for in H. C. Shepherd's deed of March, 1868, to Thomas J. Dorsey, for the Griffith land, is fully secured to Thomas J. Dorsey, by a proper and sufficient deed, for the interests, from Mrs. Sarah Shepherd, Mary Ann Shepherd, William McGill and Sarah his wife. Witness the following signatures and seals. (Signed.)

THOMAS J. DORSEY, [Seal.]"
[Seal.]

And that this is the bond, on which the judgment enjoined was obtained.

The bill then sets up the fact that the plaintiff sold this land to one Hammond, with like covenant of title and as to the road, and that said Hammond was to withhold the sum of $350, with its interest, until he was secured in said road; that Hammond entered into possession of said land and used the way for sometime, by permission of Mrs. Shepherd and the other owners of the Shepherd Home Farm; but that in May, 1869, Mrs. Shepherd, who had possession of said farm, "shut up said road and hindered and prevented the plaintiff and Hammond from the use thereof, whereupon the plaintiff notified the said

H. C. Shepherd of that fact and requested him to re-open the said road, as he had contracted to do, but that he wholly failed to do so." The said H. C. Shepherd not being the owner of the "Home Farm," he could not be compelled to execute his contract. As the said Hammond had no means of ingress and egress to his farm, so purchased and held from said Shepherd, he was compelled to apply to the public authorities of the county to have a road established according to law, which was done by his paying to the owners of the "Home Farm" the sum of $400; that after this was done William McGill and Sarah his wife, Mary A. Shepherd and Sarah Shepherd, a part of those who owned the "Shepherd Home Farm," executed a deed purporting to convey and assure to the plaintiff the road according to the agreement of H. C. Shepherd—all of which is alleged to be fraudulent.

The plaintiff charges in his bill that the only consideration for which the said note was given was the use and the enjoyment of the said road, which was to be secured to him, which consideration wholly failed in consequence of the premises hereinbefore stated; and that the road now conveyed alongside of the one established by the Board of Supervisors, and binding thereon, would be wholly useless to the plaintiff or his vendee.

He makes all the owners of the "Shepherd Home Farm" parties, with the Board of Supervisors of Marshall county, Henry Keltz, late sheriff, into whose hands the $400 damages had been paid—and prayed that an enquiry should be made as to the disposition of this $400 and for general relief.

To this bill the defendant Henry C. Shepherd and the other defendants demurred "because it was not sufficient in law," and the plaintiff joined in the demurrer.

The cause came on to be considered upon the demurrer and joinder therein, and the bill and exhibits—Upon consideration whereof the court considered that the demurrer was well taken and that it be sustained : Therefore it was adjudged, ordered and decreed that the in-

junction should be dissolved and the bill be dismissed with costs.

The questions to be considered here are, are there such facts stated in the bill as would, if true, and uncontradicted, entitle the plaintiff to any relief? The demurrer to the bill admits the truth of all the facts alleged in the bill: And the court in passing upon the demurrer must take all the allegations as true. If, when viewed in this light, the plaintiff has not shown facts, such as entitle him to relief, the court ought to sustain the demurrer and dismiss his bill. But if he shows a case in which he is entitled to any relief in equity, the court should have overruled his demurrer and have ruled the defendants to answer.

What are the material allegations of the bill? *First,* that he bought the thirty-nine and one-half acres of land with the right of way over the "Shepherd Home Farm," which was conveyed by H. C. Shepherd with covenants of warranty; that he, the grantor, had no title to the farm through which the road run, but only an undivided equitable interest therein; that after using the road for a year, the party in possession of the said farm and who had an interest therein, closed the road and excluded the plaintiff and his vendee from its use; that the defendant H. C. Shepherd, upon notice of this fact, failed to give the plaintiff any relief; that the plaintiff and his vendee being thus circumstanced were necessarily compelled to apply to the public authorities of Marshall county to have a road established by law through this land, which could only be had by paying to the owners of the "Shepherd Home Farm" the sum of $400.

Now H. C. Shepherd was one of the parties who had an interest in this property and as such would be entitled to share in this $400, although he had conveyed this road to the plaintiff.

It is also alleged, distinctly, that the sole consideration for which the said note was given was for the use and

enjoyment of said road, which consideration wholly failed, under the facts stated. And the said Shepherd is alleged to be wholly irresponsible, so that damages could not be collected from the said Shepherd, even if a judgment was obtained against him. The bond upon its face shows that the same is not to be paid until this road or right of way is fully secured to the plaintiff. This has not been done by the said Shepherd but he has wholly failed to do so, except that Sarah and Mary A. Shepherd, William McGill and wife did execute a deed to the plaintiff on the thirty-first of March, 1870, for such a road through the "Shepherd Home Farm" as was contracted for. But this was after the obstruction of the use of said road, and after the road had been established by law and the $400 damages had been paid.

It seems to me that this bill does show sufficient grounds to entitle the plaintiff to some relief—of the amount or extent thereof I do not speak. That can only be decided when the case is matured for final hearing. Failure of consideration in an obligation under seal was always a ground for equitable jurisdiction. Here is a clear case of failure of consideration, under the allegations of this bill, accompanied with the allegation of the irresponsibility of the party, if the plaintiff has to pursue his legal remedy.

It·is claimed that there was no eviction and that the plaintiff could have no relief until that was shown. But it is shown that Mrs. Shepherd and her children, one of whom was the vendor, were the equitable owners of the land and had possession thereof with the full power to control it, and that Mrs. Shepherd had shut up the said road and hindered and prevented the plaintiff's vendee from the further use thereof. This she might do lawfully and it was in legal effect an eviction from th premises and an utter overthrow of his right under his contract, so far as the right of way is concerned. This right of way was a material part of the subject matter of

the contract, and a failure of the consideration growing out of that certainly entitles the party to relief. Shepherd having sold and bound himself to make good this right of way, although he could not by his deed convey more than he was the owner of, yet his deed was valid to that extent, and when the enjoyment of this right was arrested by the enforcement of Mrs. Shepherd of her superior power over the premises, it was a complete *disseisin, ouster* and eviction of the plaintiff from the enjoyment of his privilege, attempted to be acquired by him and to be secured to him, by H. C. Shepherd. And without deciding that question, as it does not properly arise now, and as the question may be presented in a different light when the cause is matured for final hearing, this Court cannot see why, upon the facts stated and admitted by the demurrer to the bill, the plaintiff was not entitled to a perpetuation of the injunction, instead of submitting to its dissolution.

I am therefore of opinion that the court should have overruled the demurrer filed to the bill and should have ruled the defendants to answer the bill. When the cause is matured for hearing upon proper pleading and proof, the court will be able to decide whether, under the facts and law, the plaintiff will be entitled to relief and the extent thereof.

The decree is therefore reversed and annulled with costs to the appellant. And this Court, proceeding to render such decree as the circuit court should have done, doth order and adjudge that the demurrer filed by the defendants be overruled, and that the said defendants be ruled to answer the plaintiff's bill. And this cause is remanded to the circuit court of Marshall county for further proceedings to be had therein according to law.

Green and Moore, Judges, concurred.

Haymond, President, absent.

DECREE REVERSED, DEMURRER OVERRULED AND CAUSE REMANDED.